UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ROCKY LEE COKER,           )
                           )
    *Petitioner*,          )
v.                         )  Nos. 1:01-cv-163
                           )  *Edgar*
DAVID G. MILLS, Warden,    )
Brushy Mountain Correctional Complex,  )
                           )
    *Respondent*.          )

## **MEMORANDUM AND ORDER**

Rocky Lee Coker ("Coker") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which the Court dismissed on September 24, 2001, as time-barred [Court File No. 4]. Presently before the Court is a motion for relief from judgment filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Court File No. 7].

Coker appealed the dismissal of his habeas petition and on February 24, 2003, the Supreme Court denied his petition for *writ of certiorari*. At the time this Court dismissed Coker's § 2254 petition, the law in the Sixth Circuit did not provide for the tolling of the statute of limitations applicable to § 2254 petitions while a petition for *writ of certiorari* taken from a state court's denial of post-conviction relief was pending before the United States Supreme Court. *See Smith v. Mills*, 8 Fed.Appx. 323(unpublished table decision), *available in* 2001 WL 278178, at *1 (6th Cir. Mar. 16, 2001) *citing Isham v. Randle*, 226 F.3d 691, 693-95 (6th Cir. 2000), *cert. denied*, 531 U.S. 1201 (2001). Indeed, this Court dismissed Coker's § 2254 petition as time-barred based on the above referenced Sixth Circuit precedent. Coker proceeded through the appellate process and both the

1

Court of Appeals for the Sixth Circuit and the United States Supreme Court denied Coker relief on his appeal challenging this Court's dismissal of his habeas petition as time-barred.

Subsequently, on October 22, 2003, the Sixth Circuit Court of Appeals decided that under section 2244(d)(2), a petition for *certiorari* to the United States Supreme Court from a state court's denial of an application for state collateral review tolls the habeas limitations period until the conclusion of the time for seeking review of the state's final judgment in the United States Supreme Court, independent of whether the petitioner actually petitions the Supreme Court to review the case. *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied*, 541 U.S. 1070 (2004). Coker, relying upon the decision rendered in *Abela*, has filed this Rule 60(b) motion and requests the Court to set aside its judgment dismissing his habeas petition and to reinstate his original habeas petition.

Coker's Rule 60(b) motion addresses only a nonmerits aspect of his habeas petition. Challenging what he claims is a defect in the integrity of the federal habeas proceeding, *i.e.*, the Court's previous ruling on the AEDPA statute of limitations, Coker's motion is not the equivalent of a second or successive habeas petition. Coker's motion does not litigate the merits of his habeas petitioner but rather asks this Court to reconsider its judgment that his habeas petition was time-barred. Therefore, Coker has properly identified his motion as a Rule 60(b) motion.

Rule 60(b) provides that a final judgment or order may be set aside for the reasons enumerated in six subsections. Coker has not identified the section of Rule 60(b) upon which he relies. Since his claim does not appear to fit sections one through five, the Court presumes petitioner relies upon section six which authorizes a United States District Court to grant relief from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Rule 60(b)(6) "applies only in exceptional and extraordinary circumstances." *Jinks v.*

2

*AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir. 2001). Indeed, Supreme Court precedent requires "a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context. " *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2649 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950).

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.), *cert. denied*, 534 U.S. 1054 (2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "[C]ourts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A change in decisional law is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief. *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trustees of the UMWA Comgined Benefit Fund*, 249 F.3d at 524. A change in decisional law must generally be "coupled with some other special circumstance" before relief under Rule 60(b)(6) will be granted. *Id*. Relief has been denied when changes in decisional law have been based on constitutional principles. In *Batts v. Tow-Motor Forklift Co.,* 66 F.3d 743, 748-49 (5th Cir. 1995), *cert. denied*, 517 U.S. 1221 (1996), the Fifth Circuit agreed with the state court's refusal to vacate their prior judgment where they correctly applied federal law and a subsequent Supreme Court ruling changed the law.

3

Although there is law that "in the exceptional case . . . an action may be reinstated on account of an intervening change in the law" under Rule 60(b), *Harper v. Vaughn*, 272 F.Supp.2d 527, 532 (E.D.Pa. 2003) (citation omitted); *Cincinnati Ins. Co., v. Byers,* 151 F.3d 574, 578 (6th Cir. 1998)(district erred in not granting Rule 60(b)(6) motion due to intervening change in law), and that a supervening change in governing law that calls into serious question the correctness of the court's judgment may constitute an extraordinary circumstance justifying relief, *Sargent v. Columbia Forest Prod., Inc.* 75 F.3d 86, 90 (2nd Cir. 1996); *Rashid v. Kuhlman*, 2000 WL 1855114, at *1 (S.D.N.Y. Dec. 19, 2000)(After dismissing a habeas petitioner as time-barred, the habeas petition was reinstated based on a subsequent change in the law by the Second Circuit), the Supreme Court's decision in *Gonzalez v. Crosby*[1] instructs that, under the circumstances of the instant case, the habeas petition should not be reinstated.

As in the instant case, the movant in *Gonzalez* filed a Rule 60(b) motion challenging the District Court's previous ruling on the AEDPA statute of limitations. The Supreme Court concluded that although Rule 60(b) was the proper procedure to seek relief from the District Court's previous finding that the petition was time-barred, Gonzalez was not entitled to any relief under Rule 60(b). Gonzalez's only ground for reopening the judgment denying his first federal habeas petition was the Supreme Court's decision in *Artuz v. Bennett*, 531 U.S. 4 (2000), where the Supreme Court concluded that an application for state post-conviction relief was "properly filed," as required to toll the statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) for filing habeas petition, even though the motion contained claims that were procedurally barred under state law. Almost nine months after the *Artuz* decision was rendered, Gonzalez filed a *pro se* Rule

---

[1]  125 S.Ct. 2641, 2649 (2005).

60(b)(6) motion to alter or amend judgment contending that the district court's time-bar ruling was incorrect under *Artuz's* construction of § 2244(d). The district court denied the motion and Gonzalez appealed. The Supreme Court concluded *Artuz*'s change in the interpretation of the AEDPA statute of limitations did not constitute "extraordinary circumstances" as required for Gonzalez to prevail on Rule 60(b)(6) motion. The *Gonzalez* Court found that the District Court's interpretation of the AEDPA statute of limitations, at the time it rendered its decision, was correct under the circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). The Supreme Court concluded that it was not extraordinary that subsequently, after Gonzalez's case was no longer pending, the Supreme Court arrived at a different interpretation. The Supreme Court observed that:

> Although our constructions of federal statutes customarily apply to all cases then pending on direct review, see, *e.g., Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, . . .(1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final. If *Artuz* justified reopening long-ago dismissals based on a lower court's unduly parsimonious interpretation of § 2244(d)(2), then *Pace v. DiGuglielmo*, 544 U.S. ___, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), would justify reopening long-ago grants of habeas relief based on a lower court's unduly *generous* interpretation of the same tolling provision.

*Gonzalez v. Crosby*, 125 S.Ct. at 2650. The Court concluded "[t]he change in the law worked by *Artuz* is all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review of the statute-of-limitations issue." *Id.* at 2651. Thus, the Court ruled *Gonzalez*'s "lack of diligence confirms that *Artuz* is not an extraordinary circumstance justifying relief from the judgment in petitioner's case." *Gonzalez*, 125 S.Ct. at 2651.

Coker's situation is similar to the situation in which Gonzalez found himself. Coker's only ground for reopening the judgment denying his federal habeas petition is the Sixth Circuit's decision in *Abela v. Martin*, 348 F.3d 164 (6th Cir.2003) (*en banc*), *cert. denied*, 541 U.S.1070 (2004)(under

5

section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitioned the Supreme Court to review the case). The *Abela* case shows the error of this Court's previous statute-of-limitations ruling *i.e.*, that the filing of a petition seeking Supreme Court review did not toll the statute-of-limitations. At the time this Court issued its ruling, its interpretation was by all appearances correct under the Sixth Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). Indeed, the Court of Appeals for the Sixth Circuit and the United States Supreme Court denied Coker relief when he appealed this Court's decision dismissing his habeas petition as time-barred. Applying the Supreme Court's ruling in *Gonzalez* to Coker, "it is hardly extraordinary that subsequently, after petitioner's case was no longer pending," the Sixth Circuit "arrived at a different interpretation."

Coker has not raised and the Court has not found any special circumstance to permit the Court to grant any relief on the basis of the change in the decisional law regarding the tolling of the habeas statute of limitations. Coker has not presented any proof that enforcement of the original judgment would work an injustice. Considering this case in light of the decision rendered by the United States Supreme Court in *Gonzalez v. Crosby*, the change in decisional law before this Court does not meet the extraordinary circumstance requirement of Rule 60(b)(6) relief.

Accordingly, the Court does not find that the decision in *Abela v. Martin* constitutes an extraordinary circumstance which entitles Coker to Rule 60(b) relief. However, assuming the *Abela v. Martin* decision did qualify as an extraordinary circumstance and Coker could prove enforcement of the Court's previous judgment dismissing his habeas petitioner as time-barred would work an

6

injustice, Coker still would not prevail on his Rule 60(b) motion because he has failed to meet the "reasonable time" requirement in which to file the motion.

Assuming the extraordinary circumstance requirement that is needed to obtain relief under Rule (60)(b) is fulfilled by the *Abela v. Martin* decision, before petitioner is entitled to any relief he must also demonstrate his Rule 60(b)(6) motion was filed within a reasonable time. The reasonable time standard depends upon the factual circumstances of each case, "including length and circumstance of delay in filing, prejudice to opposing party by reason of the delay, and circumstance warranting equitable relief." *In re G.A.D., Inc.* 340 F.3d 331, 334 (6th Cir. 2003). Therefore, the Court must scrutinize the particular circumstances of the case, and balance the interest of finality with the reasons for the delay.

Although Coker diligently sought review of this Court's statute-of-limitations decision, he failed to diligently seek review when the Sixth Circuit issued their opinion in *Abela v. Martin.* The Sixth Circuit issued their opinion on October 22, 2003, and *certiorari* was denied on May 24, 2004. Nevertheless, Coker waited more than a year from the denial of *certiorari* before filing his Rule 60(b)(6) motion on June 6, 2005. Coker has not provided any explanation for the delay. Coker's filing of his motion more than one year after the *Abela* decision demonstrates a lack of due diligence. Such a delay, without excuse, will ordinarily result in the denial of a Rule 60(b) motion. *See United States v. Mortgage Lenders Network USA, Inc.,* 234 F.3d 1270 (unpublished table decision), *available in* 2000 WL 1529815, at *3 (6th Cir. Oct. 5, 2000) (denied relief to MLN under Rule 60(b)(6) because MLN failed to adequately explain why it delayed for over a year after it learned of action before petitioning court); *Crosslin v. United States*, 2001 WL 863616, at *2 (N.D. Tex. July 13, 2001) (finding Rule 60(b) motion time-barred because defendant waited ten months

after *Apprendi* decision); *United States v. $4,299.32 United States Currency*, 922 F.Supp. 430, 434 (W.D. Wash. 1996) (motion for relief filed over one year after date on which case altering decisional law was rendered, without explanation for the delay, was untimely).

Accordingly, the Court concludes that Coker's Rule 60(b) motion was not made within a reasonable time, as required by the rule, when it was filed more than one year after the *Abela* decision was rendered. Consequently, Coker's Rule 60(b) motion is **DENIED** [Court File No. 7].

SO ORDERED.

ENTER this *30th day of November, 2005*.

                                            */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE